UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

BRAD L. GEER, individually,

      Plaintiff,

v.

COSTON MARINE SERVICES, INC., a Florida
corporation, and DANIEL COSTON, individually,

      Defendants.

_____/

## COMPLAINT

    Plaintiff Brad L. Geer ("Geer" or "Plaintiff") sue the Defendants, Coston Marine Services, Inc. and Daniel Coston and states:

## INTRODUCTION

    1.    Plaintiff seeks relief under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) and seeks damages of unpaid overtime wages, liquidated damages, benefits tied to wages, attorney's fees, and costs. The Plaintiff is former non-exempt employee of the Defendants Coston Marine Services, Inc. ("Costson Marine") and Daniel Coston ("Daniel"). Defendants intentionally failed to pay Plaintiff one and one-half times their regular rate of pay for all hours worked over forty (40) hours per week.

    2.    Plaintiff seeks recovery of the accumulated unpaid overtime for the three (3) years preceding the filing of this Complaint.

## JURISDICTION AND VENUE

    3.    The United States District Court for the Southern District of Florida has subject matter jurisdiction over this suit under 28 U.S.C. § 1331 because the suit raises federal questions under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq.  Jurisdiction

is founded upon § 216(b) of the FLSA.

4.      The venue is proper in this Court under 28 U.S.C. § 1391(b) & (c), based upon:

  a.  The Plaintiff was employed in Palm Beach County, Florida

  b.  The corporate Defendant is registered with the Florida Department of State, Division of Corporations, as a domestic corporation with a principal place of business in Palm Beach County, Florida.

  c.  The Defendant Daniel Coston is domiciled in Palm Beach County, Florida.

## PARTIES

**A.      Plaintiff**

5.      Plaintiff Brad L. Geer was and is a resident of Palm Beach County, Florida and was employed by the Defendants from on or about December 2019 to on or about January 2023 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding the filing of this Complaint.

6.      Plaintiff was individually engaged in interstate commerce, and the work he performed was directly essential to the interstate business performed by the corporate Defendant.

**B.      Corporate Defendant**

7.      Defendant Coston Marine Services, Inc. is a domestic corporation duly authorized to conduct business in the State of Florida with a principal place of business in Palm Beach County, Florida.

8.      At all times material, Coston Marine Services, Inc. employed persons who regularly were and are engaged in commerce or the production of goods for commerce, having an annual gross volume of sales or business of not less than Five Hundred Thousand Dollars ($500,000.00). Coston Marine Services, Inc.  was and is an enterprise engaged in commerce or the production of goods for commerce as defined within sections 203(r) and (s) of the FLSA.

### C.      Individual Defendants

9.      Defendant Daniel Coston was at all times material to the causes of action herein an officer of Coston Marine Services, Inc.  and is domiciled in Palm Beach County, Florida.

10.      At all times material, Defendant Daniel Coston acted directly in the interests of Defendant Coston Marine Services, Inc. in relation to the Plaintiff and actively participated in the day-to-day operations of Coston Marine Services, Inc.  Thus, Defendant Daniel Coston was an "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d), and the Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1).

## <u>VIOLATIONS OF THE FLSA</u>

11.      Plaintiff repeats and reallege paragraphs 1 to 10 as if fully incorporated herein.

12.      Defendants employed Plaintiff as a non-exempt field mechanic.

13.      Defendant Daniel Coston supervised Plaintiff and actively participated in the day-to-day operations of Coston Marine, including having direct involvement in the pay structure of the Plaintiff.

14.      Plaintiff was individually engaged in commerce, and the work he performed was directly essential to the interstate business performed by the Defendants.

15.      Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for hours worked over forty (40) hours a week at a rate of at least one and one-half times the regular rate at which they were employed, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

16.      Plaintiff routinely worked over forty (40) hours per week.

17.      As a direct and proximate result of Defendants' deliberate underpayment of overtime wages, Plaintiff's damages include loss of wages and loss of commensurate benefits tied to wages.

18.     Records concerning the actual number of hours worked and the process by which the Plaintiff's pay was calculated by Defendants are in the possession, care, custody, and control of Defendants.  Plaintiff is in receipt of copies of some of these records.

19.     Based on the records Plaintiff has at this time, overtime wage damages, not including liquidated damages or benefits tied to wages are in excess of $6,000.00.

20.     Defendants acted willfully in failing to pay Plaintiff his overtime compensation as required by the FLSA because Defendants knew Plaintiff was a non-exempt blue collar field mechanic worker entitled to overtime pay.

21.     Plaintiff has retained the services of the undersigned counsel and are obliged to pay the firm a reasonable attorney's fee and costs incurred in this action and the underlying failed arbitration.

22.     Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, any benefits tied to wages earned, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff demands judgment against both Defendants:

a.     For compensatory damages for lost overtime compensation in an amount  in excess of $6000.00, an additional equal amount as liquidated damages allowed by statute, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA; and

b.     For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.


Dated: February 21, 2023

Respectfully submitted,

*/s/ **Catherine A. Cullen***
Catherine A. Cullen, Esq. (Fla. Bar No. 1017783)
Mark A. Cullen, Esq.  (Fla. Bar No. 325082)
Attorney E-mail:  mailbox@cullenlawfirm.net
THE CULLEN LAW FIRM, P.A.
500 S. Australian Avenue, Suite 538
West Palm Beach, FL  33401
Telephone:  561.640.9191

*Attorneys for Plaintiff*