UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80274-CIV-SMITH/MAYNARD

**BRAD L. GEER,**

    **Plaintiff,**

vs.

**COSTON MARINE SERVICES, INC. and
DANIEL COSTON,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION
FOLLOWING FLSA FAIRNESS HEARING**

**THIS CAUSE** is before me upon the parties' Joint Motion for Approval of FLSA Settlement Agreement ("Joint Motion"). DE 18. Presiding U.S. District Judge Rodney Smith has referred this matter to me to conduct a fairness hearing. DE 10; DE 16.

The parties' executed Settlement Agreement and Release has been filed in the record. DE 18-1. According to the Settlement Agreement, attached as an exhibit to the Motion, the parties have agreed to resolve this dispute for $35,061.54, allocated as follows: $28,363.54 to Plaintiff in unpaid overtime wages and liquidated damages, and $6,698.00 to Plaintiff's counsel for attorney's fees and cost. DE 18-1. On June 1, 2023, I conducted a fairness hearing and heard from counsel for the parties regarding the fairness of their agreed-upon settlement of Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

When a private action brought under the FLSA is settled, a court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679

1

F.2d 1350, 1353, 1355 (11th Cir. 1982). A reviewing court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement is executed in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Williams v. Crowley Liner Servs., Inc.*, No. 22-CV-60148-Ruiz, 2022 WL 18865028, at *1 (S.D. Fla. Aug. 18, 2022) (collecting cases).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007). The district court must review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions.... To turn a blind eye to [a] ... fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351-52. "[T]he best way to [e]nsure that no conflict has tainted the

2

settlement is for parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); see also Dees, 706 F. Supp. 2d at 1243.

I have independently reviewed the entire record, the Joint Motion, and the parties' Settlement Agreement.  I have also considered the factors outlined in *Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350, 1353 (11th Cir. 1982) and am otherwise fully advised.  I find that the settlement in this case represents a genuine compromise of a bona fide dispute.  The settlement is the negotiated result of an adversarial proceeding.  Among other things, the Settlement Agreement includes a detailed breakdown of the settlement payments to be made to Plaintiff and his counsel, together with other negotiated provisions.  The parties have agreed to settle for reasonable strategic and financial considerations.  Further, the parties represent that the attorney's fees and costs amount was negotiated separately and without regard to the amount paid to Plaintiff and I find that the requested fee amount is fair and reasonable.  In all, the settlement—inclusive of the separately negotiated attorney's fees and costs—represents a reasonable and fair compromise that avoids the costs and uncertainty of further litigation.

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that the presiding U.S. District Judge (1) **GRANT** the parties' Joint Motion, DE 18; (2) **APPROVE** the parties' settlement agreement as fair and reasonable; and (3) **DISMISS WITH PREJUDICE** this action; and (4) **RESERVE** jurisdiction to enforce the terms of the parties' Settlement Agreement if necessary.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District

Judge Rodney Smith.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of Non-Objection within five (5) days of the date of this Report and Recommendation.**

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st day of June, 2023.

                                                    */s/ Shaniek Maynard*
                                        SHANIEK MILLS MAYNARD
                                        U.S. MAGISTRATE JUDGE